UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID CHARLES SUSSMAN,

     Plaintiff,

v.                                          Case No.:  2:23-cv-461-SPC-KCD

SHEVAUN HARRIS,
SECRETARY, FLORIDA
DEPARTMENT OF CHILDREN
AND FAMILIES, and WELLPATH
RECOVERY SOLUTIONS, LLC,

     Defendants.

_____/

## **OPINION AND ORDER**

Before the Court is Plaintiff David Charles Sussman's Motion to Reenter Documents Numbered 17 and 19 and Serve Them on Him; or, Alternatively Motion for Extension of Time to File a Rule 59(e) or 60(b) Motion (Doc. 23). Sussman is detained at the Florida Civil Commitment Center (FCCC) after representing himself *pro se* in his state civil commitment proceedings. Sussman commenced this case by suing the Secretary of the Florida Department of Children and Families (DCF) Shevaun Harris Wellpath Recovery Solutions, alleging they violated his rights under *Bounds v. Smith*, 430 U.S. 817 (1977) by denying him adequate access to legal materials during his civil commitment proceedings.  The Court dismissed Sussman's claim

because court records conclusively showed that the State of Florida satisfied *Bounds* by providing Sussman access to legal counsel. (Doc. 17). Because an amendment could not save Sussman's *Bounds* claim, the Court entered judgment and closed the case. (Doc. 19). Sussman then filed an Amended Complaint. (Doc. 20). The Court declined to consider the Amended Complaint because it was entered after judgment. (Doc. 22).

Sussman now states he did not receive the Court's dismissal order (Doc. 17) and judgment (Doc. 19), and he asks the Court to extend deadlines for post-judgment motions. Instead, the Court will revisit the Amended Complaint with new understanding. Sussman attempted to amend his complaint as a matter of right under Federal Rule of Civil Procedure 15(a) and was unaware he would need to first obtain post-judgment relief. The Court will thus liberally construe the Amended Complaint as a request for post-judgment relief. While it remains true an amendment of the *Bounds* claim relating to his commitment proceedings would be futile, Sussman added allegations that his lack of access to legal materials prevented him from timely filing two civil-rights actions. Thus, an amended complaint could conceivably state an access-to-the-courts claim. *See Lewis v. Casey*, 518 U.S. 343 (1996). The Court will therefore vacate its dismissal order, set aside the judgment, and allow Sussman to amend his complaint.

Sussman may not proceed on the Amended Complaint he already filed because it does not comply with federal pleading standards.  Federal Rule of Civil Procedure 10 requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." This rule is important.  It enables defendants to respond to each factual claim, which alerts the court and the parties to the factual claims that are in dispute. Sussman presents much of his Amended Complaint as an unbroken narrative. It does not give the defendants a fair opportunity to respond to each allegation. Also, Sussman has not sued any individual FCCC officials, so he presumably seeks to hold the defendants liable for the conduct of unnamed subordinates or employees.  But it is well settled in the Eleventh Circuit that supervisory officials are not liable under § 1983 for the acts of their subordinates.  *Keith v. DeKalb Cnty., Ga.*, 749 F.3d 1034, 1047 (11th Cir. 2014).  To proceed, Sussman must organize his factual claims into separate, numbered paragraphs, and he must sue only those individuals involved the alleged constitutional violation.

Accordingly, it is now

**ORDERED:**

(1) The Court **VACATES** its Order dated August 21, 2023 (Doc. 17) and **SETS ASIDE** the Judgment (Doc. 19).  The Clerk is **DIRECTED** to reopen this case.

3

(2) Plaintiff David Charles Sussman may file a "Second Amended Complaint" within **21 days** of this Order. **Otherwise, the Court will enter judgment and close this case without further notice**.

(3) Sussman's Motion to Reenter Documents Numbered 17 and 19 and Serve Them on Him; or, Alternatively Motion for Extension of Time to File a Rule 59(e) or 60(b) Motion (Doc. 23) is **GRANTED in part**. The Clerk is **DIRECTED** to send Sussman copies of Docs. 17 and 19. The remaining requests in Doc. 23 are **DENIED as moot**.

**DONE** and **ORDERED** in Fort Myers, Florida on September 18, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record