UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID CHARLES SUSSMAN,

    Plaintiff,

v.                                                        Case No.:  2:23-cv-461-SPC-KCD

SHEVAUN HARRIS *et al.*,

    Defendants.
_____/

## **OPINION AND ORDER**

Before the Court is Plaintiff David Charles Sussman's Rule 52(b) Motion to Amend Order Denying Motion for Preliminary Injunction; and Motion to Appoint Pro Bono Counsel (Doc. 37).  Federal Rule of Civil Procedure 52 has no applicability here.  The Court construes Sussman's motion as a request for reconsideration of the Court's November 30, 2023 Order (Doc. 35).

Sussman is an involuntarily committed resident of the Florida Civil Commitment Center (FCCC), and he is litigating this civil-rights action *pro se*. Sussman previously sought a preliminary injunction.  The Court denied the motion on November 30, 2023:

> Sussman asks the Court to order the Florida Department of Children and Families and Wellpath Recovery Solutions to provide him stationary, a computer, and unrestricted access to research materials and his legal files so he can prepare an appellate brief in his state commitment case. Sussman argues the matter is urgent because the deadline to file the brief is fast approaching. The

> motion is thus an attempt to protect Sussman's right to meaningful access to the court in his ongoing civil commitment appeal. But that right has already been satisfied.
>
> As the Court explained in its August 21, 2023 Order dismissing Sussman's original complaint, "a criminal defendant who seeks to proceed *pro se* has no right to access a law library to aid him in his own defense at trial where he has already been provided the option of legal counsel." *Smith v. Hutchins*, 426 F. App'x 785, 789 (11th Cir. 2011); *see also Bounds v. Smith*, 430 U.S. 817, 828 (holding "that the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries *or adequate assistance from persons trained in the law*." (emphasis added)). Records from Florida Fifth District Court of Appeal Case No. 5D23-2308 show that Sussman was represented by the Office of Criminal Conflict and Civil Regional Counsel until the appellate court granted Sussman's motion to proceed *pro se*. (Doc. 33-1).
>
> Because Florida appellate court records conclusively show that the State has already satisfied the particular right Sussman's motion seeks to protect, Sussman cannot demonstrate a substantial likelihood of success on the merits of the claim underlying his motion.

(Doc. 35 at 2-3). Sussman asks the Court to reconsider.

Reconsideration of a prior order is an extraordinary measure that should be applied sparingly. *Adams v. Beoneman*, 335 F.R.D. 452, 454 (M.D. Fla. 2020). There are no extraordinary circumstances to justify reconsideration here. Sussman argues the Court's reasoning is flawed because he asked the state court to appoint him advisory counsel. That detail is irrelevant. The factual distinctions Sussman draws between his case and *Smith v. Hutchins* are likewise irrelevant. The Court declines to reconsider its prior order.

Sussman also asks this Court to appoint him counsel. Although there is no constitutional right to counsel in civil cases, Congress has given district courts discretion under 28 U.S.C. § 1915(e)(1) to request counsel for civil litigants who cannot afford to hire counsel when exceptional circumstances warrant. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999); *see also Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992) ("The appointment of counsel is…a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." (citation omitted)).

In determining whether exceptional circumstances warrant appointment of counsel, the court considers various factors, including (1) the type and complexity of the case; (2) whether the indigent plaintiff can adequately present his case, (3) whether the indigent plaintiff can adequately investigate the case, and (4) whether the evidence will consist largely of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982).

The Court finds no exceptional circumstances to warrant appointment of counsel here. This case is not particularly complex, and prisoners and detainees commonly litigate this type of action *pro se*. Sussman is an experienced *pro se* litigator who has proven capable of presenting his positions and investigating this case. Sussman is not entitled to appointment of counsel.

Accordingly, Sussman's construed motion for reconsideration and request for appointment of counsel (Doc. 37) are **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on January 8, 2024.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record

4