UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID CHARLES SUSSMAN,

     Plaintiff,

v.                                                    Case No.:  2:23-cv-461-SPC-KCD

SHEVAUN HARRIS, WELLPATH
RECOVERY SOLUTIONS, LLC,
DONALD SAWYER, JON
CARNER, MELINDA MASTERS,
SERENA WILLIAMS, CYNTHIA
NOBLETT, PATRICIA SHAW,
LAVON CARDENAS, DOTTY
RIDDLER, COURTNEY JONES,
MICHELLE FEISZLI, MARK
SNYDER, KERI FITZPATRICK
and ROBERT HOUSTON,

     Defendants.
_____/

## OPINION AND ORDER

This case comes before the Court on review of the file.  Plaintiff David

Charles Sussman is an involuntarily committed resident of the Florida Civil

Commitment Center (FCCC).  In June 2023, Sussman filed this action against

Secretary of the Florida Department of Children and Families (DCF) Shevaun

Harris and Wellpath Recovery Solutions, the company Florida contracts to

operate the FCCC.  He alleged DCF and Wellpath were not providing access to

legal materials he needed to litigate his state commitment case in violation of

*Bounds v. Smith*, 430 U.S. 817 (1977). (Doc. 1). The Court dismissed Sussman's original complaint because the State satisfied *Bounds* by appointing counsel to represent him in his commitment case. *See Bounds*, 430 U.S. at 828 ("the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries *or adequate assistance from persons trained in the law*") (emphasis added). The Court found that amendment would be futile and closed the case.

Sussman then filed an Amended Complaint. It added allegations that Sussman's lack of access to legal materials prevented him from filing two civil-rights cases stemming from events that occurred in 2019, while he was a state prisoner.[1] The Court liberally construed the Amended Complaint to include a post-judgment request to amend his complaint. While reiterating that Sussman cannot proceed with his original *Bounds* claim stemming from his state commitment proceedings, the Court vacated the dismissal order and set aside the judgment so Sussman could plead claims relating to the civil-rights actions. Because the Amended Complaint did not comply with Federal Rule of

---

[1] Sussman did not sue over these incidents while incarcerated because he was a three-strike litigant under the Prison Litigation Reform Act, so he was barred from proceeding *in forma pauperis*.

Civil Procedure 10, the Court ordered Sussman to file a second amended complaint.

Sussman filed his Second Amended Complaint (Doc. 30) on November 17, 2023. It added fourteen more defendants—all employees of Wellpath—and it asserts four access-to-the-courts claims. Sussman alleges the defendants prevented him from filing complaints for three 2019 incidents and impeded his litigation of an appeal of his state commitment case, this case, and another federal case in this Court (2:23-cv-567). Sussman also seeks declaratory judgment and injunctive relief.

Sussman attached 90 pages of exhibits to the Second Amended Complaint. They are mostly communication forms and grievances between Sussman and various defendants. They demonstrate that Sussman is litigating this case in bad faith. For context, Sussman blames his lack of access to legal materials on his placement in a segregated part of the FCCC, which limits his access to a computer lab. Sussman is in segregated housing because he refuses to live in the FCCC's general population due to fear for his safety.

Sussman could improve his access to legal materials by cooperating with FCCC staff's attempts to move him to a less restricted part of the facility. But instead, Sussman seeks additional access by submitting demands, threats, and accusations to FCCC staff. Some of the threats specifically reference this case. For example, on October 16, 2023, Sussman wrote to Defendant Michelle

Feiszli, "Be advised that Carner & Co. are either already named, or will soon be named, Defendants in <u>Suss v. DCF</u>, 2:23-cv-461 in U.S. Dist. Ct., M.D. Fla. Ft. Myers Div. To the extent they've dragged you into it, I look forward to your cooperation." (Doc. 30-1 at 15). Sussman made the threat more explicit in a grievance: "Either give me access to [the local rules of Volusia County Circuit Court], or I will amend all of you into case 2:23-cv-461." (*Id.* at 17). At the time, Sussman was litigating his state commitment case in—or on appeal from—Volusia County Circuit Court.

As the Court has repeatedly explained, the State of Florida satisfied *Bounds* with regard to Sussman's commitment proceedings by appointing counsel to represent him. *See Smith v. Hutchins*, 426 F. App'x 785, 789 (11th Cir. 2011) ("a criminal defendant who seeks to proceed *pro se* has no right to access a law library to aid him in his own defense at trial where he has already been provided the option of legal counsel"). The Court allowed Sussman to amend his complaint because he alleged the original defendants impeded his ability to file civil-rights claims against prison officials. But none of Sussman's exhibits suggest he ever sought to file such claims. Rather, the exhibits show that Sussman is trying to use this case to extort concessions from FCCC staff.

Under 28 U.S.C. § 1915(e)(2), the Court must dismiss an *in-forma-pauperis* case if it determines the action is frivolous or malicious. In this context, "maliciousness" includes "bad faith litigiousness or manipulative

4

tactics warrants." *Hines v. Thomas*, 604 F. App'x 796, 799 (11th Cir. 2015). "Bad faith litigiousness" and "manipulative tactics" are perfect ways to describe Sussman's conduct here. Rather than pursuing in good faith the potentially meritorious claims identified by the Court, Sussman merely used those claims to extend this case, which he is wielding as a cudgel against FCCC staff. The Court finds this action to be malicious. Dismissal is appropriate.

Accordingly, it is now

**ORDERED:**

Plaintiff David Charles Sussman's Second Amended Complaint (Doc. 30) is **DISMISSED without prejudice**. The Court is **DIRECTED** to terminate pending motions and deadlines, enter judgment, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on February 9, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record

5